UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **PATRICIA BRADLEY,** ) | **CASE NO. 1:11CV781** |
| **Individually and as Administratrix, etc.,** ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **CITY OF CLEVELAND, et al.,** ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This case comes before the Court via removal from the Cuyahoga County Court of Common Pleas. Plaintiffs, Patricia Bradley, in her capacity as administrator of the estate of Angel Bradley-Crockett, as well as individually, allege constitutional claims under 42 U.S.C. § 1983 for failure to investigate, inadequate policies, and deliberate indifference. Plaintiffs also allege federal causes of action for civil conspiracy and aiding and abetting, as well as several state law claims.

At this time, there are pending motions before this court for leave to file an amended complaint, partial dismissal for failure to state a claim, and bifurcation of discovery.

## I. FACTS

According to the Complaint, on or about April 5, 2010, the City of Cleveland received a 911 call reporting a body on the side of I-90, and dispatched two officers, Defendants Prince and Muniz, to investigate the report. In their investigation, the officers identified the body as that of a deer and requested that ODOT be contacted to pick up the remains. Additional 911 calls continued to report a body on the side of the interstate, but the remains were not identified as human until more than two hours after the initial call. A criminal investigation followed.

The remains were ultimately identified as the body of Angel Bradley-Crockett, daughter of Patricia Bradley. The results of the criminal investigation led to the arrest and prosecution of Stephon Davis and Latesha Santos. Latesha Santos pled guilty to Voluntary Manslaughter, Aggravated Robbery, and Gross Abuse of a Corpse. Stephon Davis pled guilty to Aggravated Murder and Aggravated Robbery.

## II. ISSUE

On August 18, 2011 Defendants filed a Joint Motion to Bifurcate Discovery and Dispositive Motion (ECF Docket #24) to limit discovery and motion practice to the time of death of the decedent, Angel Bradley-Crockett, and requesting a stay of all other discovery. Defendants argue that the majority of Plaintiffs' claims are preconditioned on Angel being alive at the time Defendants Prince and Muniz investigated the report of a body on the side of the road. (Defs.' Joint Mot. to Bifurcate Disc. and Dispositive Mot. 2-3.) Plaintiffs filed their Brief in Opposition (ECF Docket #26) on September 6, 2011, arguing that bifurcation will increase expense and "unnecessarily delay the resolution of this lawsuit." (Pl.' Br. Opp'n

Defs.' Mot. to Bifurcate Disc. and Dispositive Mot. 1.)  Plaintiffs believe that, ultimately, Angel's time of death would be a question of fact to be decided by a jury only after evaluating testimony of opposing medical experts; thus, it would serve no purpose to bifurcate the issue from the rest of the trial.  Defendants filed their Reply to Brief in Opposition to Motion to Bifurcate (ECF Docket #27) on September 8, 2011, positing Plaintiffs erred in asserting: (1) that Defendants admit Angel might have been alive at the time Officers Prince and Muniz investigated the report of a body on the side of the road, and (2) that only medical expert testimony would be valuable or admissible.  Defendants argue that Angel's killers are "more than qualified to testify to what they did to Angel," and to her "condition when she was left at the side of the road."  (Defs.' Reply to Br. in Opp'n to Mot. to Bifurcate 2.)

The issue before the Court is whether it would be appropriate to grant Defendants' request to bifurcate discovery and motion practice  to limit discovery and motion practice to the time of death of the decedent, Angel Bradley-Crockett, and that all other discovery be stayed.  For the following reasons, this court GRANTS Defendants' Joint Motion to Bifurcate Discovery and Dispositive Motion.

### III.  LAW AND ANALYSIS

Federal Rule of Civil Procedure 42(b) reads, in part, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  In deciding to bifurcate a trial, courts must consider "speed and economy, the convenience of the parties and the avoidance of prejudice . . .." *Specialty Minerals, Inc. v. Dunbar Mechanical, Inc.,* 164 Fed. Appx. 539, 541 (6th Cir. 2005) (citing *In re Beverly Hills Fire Litig.,* 695 F.2d 207, 216

(6th Cir. 1982)).  Bifurcation of an issue is reasonable if litigation dependent upon that issue "might be mooted by an adverse finding on the . . . issue." *In re Beverly Hills Fire Litig.,* 695 F.2d at 217.

Bifurcating discovery and motion practice to determine whether Angel predeceased the officers misidentifying her body as a "dead deer" the morning of April 5, 2010, could moot many of the claims in this case.  Specifically, the following claims may be disposed of if Angel were determined to have predeceased Prince and Muniz's investigation:

**A.  Wrongful Death (Claim IV)**

Plaintiffs allege in ¶31 of their Amended Complaint (ECF Docket #20-1), that "[a]s a direct and proximate result of the foregoing actions and inactions of Defendants, Decedent sustained physical and mental injuries, extreme pain and suffering and extreme psychological agony, *arising from the awareness that her death was imminent."*  (Pl.' Am. Compl. 7 (Court's emphasis)).  This claim is preconditioned upon Angel being alive at the time Defendants Prince and Muniz misidentified her body.  If Angel died before Defendants Prince and Muniz arrived on the scene, any potential recovery for wrongful death would be foreclosed.

**B.  Section 1983 Claims (Claim V, VI, and VII)**

Plaintiffs allege three distinct civil rights claims in their Amended Complaint: failure to investigate, failure to train/supervise, and deliberate indifference.  (Pl.' Amended Compl. 8-9.)  Resolving Angel's time of death could dispose of all the civil rights claims against Defendants Prince and Muniz, as well as the derivative claims against the City of Cleveland stemming from their conduct.  However, regardless of whether Angel predeceased her

misidentification as a dead deer, the civil rights claims against Defendant Slatkovsky, and those derivative claims, would be unaffected.

Specifically, Plaintiffs allege two sources for a failure to investigate claim. The first lies against Defendant Slatkovsky for failing to take one of Angel's killers, Stephon Davis, into custody after a traffic stop in February 2010. Plaintiffs further allege that Prince and Muniz's failure to investigate reports of a body on the side of the road violated the "clearly established rights of Angel." (Pl.' Am. Compl. ¶38.) Defendants cite to a Ninth Circuit case, *Guyton v. Phillips,* 606 F.2d 248 (9th Cir. 1979), for the proposition that § 1983 claims may not lie for constitutional violations that occurred after the death of the person bringing the claim. As is clear from ¶38 of the Amended Complaint, the § 1983 claims against Prince and Muniz are dependent upon Angel's rights being violated–rights that only exist if she were alive when Prince and Muniz misidentified her body. Thus, determining whether Angel was alive at that time could dispose of the § 1983 claims against Prince and Muniz.

Additionally, the Amended Complaint alleges in ¶44 that "The policies, actions and inactions of all Defendants constituted deliberate indifference to *decedent's serious medical needs* in direct violation of the 14th Amendment to the United States Constitution and by 42 U.S.C. § 1983." (Pl.' Am. Compl. 9 (Court's emphasis)). As plead, it appears that the basis of Plaintiffs' deliberate indifference claim is Defendants' failure to address Angel's medical needs–needs that evaporate if Angel were dead at the time Prince and Muniz investigated the report.

Lastly, most of the derivative claims against the City of Cleveland would similarly be disposed of with a finding that Angel predeceased Prince and Muniz's investigation.

-5-

Plaintiffs claim in their failure to train/supervise count against the City that "[a]s a direct and proximate result of Defendant City of Cleveland's actions and omissions, plaintiffs' decedent sustained damages, injuries, suffered extreme physical pain and emotional suffering which led to her death." (Pl.' Am. Compl. ¶45.) Again, Plaintiffs' claim is dependent upon Angel's damages, injuries, pain, and emotional suffering. The City cannot be liable for failure to train or supervise Defendants Prince and Muniz if Angel predeceased their investigation. However, the claim against the City might still lie through the actions of Defendant Slatkovsky.

### C. Negligent or Intentional Infliction of Emotional Distress as to Angel (Claim II and III)

Defendants posit in their Joint Motion to Bifurcate Discovery and Dispositive Motion that "the deceased [cannot] experience emotional distress, whether intentionally or negligently caused." (Defs.' Mot. to Bifurcate Disc. and Dispositve Mot. 3.) This argument persuades the Court that bifurcating the issue of Angel's time of death could serve to dispose of Angel's emotional distress claims.

### D. Civil Conspiracy and Aiding and Abetting Claims (Claim VIII and IX)

Plaintiffs' civil conspiracy and aiding and abetting claims are derivative of Plaintiffs' other claims, and, as such, would also be largely disposed of by a finding that Angel was dead at the time Prince and Muniz investigated the report of a body on the side of the road.

## IV.  CONCLUSION

The vast majority of Plaintiffs' claims would be mooted if the facts establish that Angel predeceased Prince and Muniz's investigation of a body on the side of the road.

Specifically, it would dispose of all of the § 1983 claims that lie from Prince and Muniz's conduct, the derivative claims from that conduct, as well as all of Angel's emotional distress claims. Furthermore, it would also have a significant impact on Plaintiffs' civil conspiracy and aiding and abetting claims. Bifurcating this issue would serve to increase judicial economy by potentially disposing of multiple claims against the Defendants without prejudicing any of the parties. Therefore, Defendants' Motion to Bifurcate Discovery and Dispositive Motion is GRANTED.

**IT IS SO ORDERED.**

**DATE: March 7, 2012**

 **S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**