UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PATRICIA BRADLEY, | CASE NO. 1:11CV781 |
| Individually and as Administratrix, etc., | |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | OPINION AND ORDER |
| CITY OF CLEVELAND, et al., | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

Before the Court is Defendants Prince and Muniz's Motion for Partial Dismissal for Failure to State a Claim (ECF DKT #15) ("12(b)(6) Motion"). Subsequent to the filing of Defendants' 12(b)(6) Motion, Plaintiffs requested leave to file an Amended Complaint (ECF DKT #20) (hereafter "Complaint"), which this Court has granted. The Court has reviewed the Complaint, the 12(b)(6) Motion, and the opposition and reply briefs. (ECF DKT Nos. 20-1, 15, 21, 23, respectively). For the reasons below, the Motion is GRANTED IN PART and DENIED IN PART.

## I.  PROCEDURAL BACKGROUND

This matter comes before the Court via removal from the Cuyahoga Count Court of Common Pleas.  Plaintiff, Patricia Bradley, alleges personal causes of action for Willful, Wanton, and Reckless Conduct; Negligent and Intentional Infliction of Emotional Distress; and derivative claims of Civil Conspiracy and Aiding and Abetting.  Plaintiff also alleges, in her capacity as Administratrix of the Estate of Angel Bradley-Crockett, constitutional claims, recoverable under 42 U.S.C. § 1983, for Failure to Investigate, Inadequate Policies, and Deliberate Indifference, and the previously listed claims.

## II.  FACTS

According to the Complaint, on or about April 5, 2010, the City of Cleveland received a 911 call reporting a body on the side of I-90, and dispatched two officers, Defendants Prince and Muniz, to investigate the report.  In their investigation, the officers identified the body as that of a deer and requested that ODOT be contacted to pick up the remains.  Additional 911 calls continued to report a body on the side of the interstate, but the remains were not identified as human until more than two hours after the initial call.  A criminal investigation followed.

The remains were ultimately identified as the body of Angel Bradley-Crockett, Plaintiffs' daughter.  The results of the criminal investigation led to the arrest and prosecution of Stephon Davis and Latesha Santos.  Latesha Santos pleaded guilty to Voluntary Manslaughter, Aggravated Robbery, and Gross Abuse of a Corpse.  Stephon Davis pleaded guilty to Aggravated Murder and Aggravated Robbery.

### III. ISSUE

Defendants filed a Motion for Partial Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on July 14, 2011.  Specifically, Defendants requested that Plaintiffs' claims for Willful and Wanton Conduct (Claim I), Emotional Distress as brought by Patricia Bradley in her personal capacity as well as on behalf of Angel's heirs (Claim III), Civil Conspiracy (Claim VIII), Aiding and Abetting (Claim IX), and all of Patricia Bradley's claims in her individual capacity be dismissed for failure to state a claim.  Plaintiffs submitted a Brief in Opposition on August 11, 2011, offering five reasons to deny the motion, discussed below.  Defendants subsequently filed a Reply to Plaintiffs' Brief in Opposition on August 15, 2011, which, in large part, merely restated their original arguments.

The issue before the Court is whether Plaintiffs have sufficiently plead the challenged claims.  For the following reasons, the Court GRANTS IN PART, and DENIES IN PART, Defendants' 12(b)(6) Motion.

### IV. LAW AND ANALYSIS

When a motion to dismiss for failure to state a claim under Rule 12(b)(6) is filed, the Complaint is assessed pursuant to Fed. R. Civ. P. 8(a)(2).  Rule 8(a)(2) requires that the Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The pleadings requirement is no longer governed by the lower threshold of the "no-set-of-facts" standard established in *Conley* v. *Gibson,* 355 U.S. 41 (1957).  Rather, a well-pleaded complaint alleges enough facts, that, if accepted as true, "raise the right to relief above the speculative level." *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 555 (2007). While "detailed factual allegations" are not required, the facts garnered must be sufficient to

"state a claim to relief that is plausible on its face." *Ashcroft* v. *Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). There was some initial doubt as to the scope of the plausibility standard set forth in *Twombly;* yet, the Supreme Court clarified two years later, in *Iqbal,* that the new pleading standard applied "to all civil actions." *Boroff v. Alza Corp.,* 685 F. Supp.2d 704, 707 (N.D. Ohio 2010) (quoting *Iqbal,* 129 S. Ct. at 1953). The universal applicability of the plausibility standard was rooted in the Supreme Court's interpretation and application of Rule 8, which governs "all civil actions and proceedings in the United States district courts," as set forth in Fed. R. Civ. P. 1. *Iqbal, 129* S. Ct. at 1953.

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc.* v. *Treesh,* 487 F.3d 471,476 (6th Cir. 2007). However, the *Twombly/lqbal* standard offers two exceptions to the deference afforded Plaintiff in assessing her allegations. The first is "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal* at 1949. Furthermore, the Court continued, "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id* at 1950. In short, mere conclusory statements that mirror the elements of a cause of action, or reliance on discovery to supply necessary facts, are insufficient to survive a 12(b)(6) challenge.

Plaintiffs articulate, in an overview, five reasons their Complaint should survive

-4-

dismissal:  (1) their request for leave to amend the Complaint, (2) the inapplicability of Defendants' "intracorporate conspiracy" argument, (3) a belief discovery will reveal the primary actor for her aiding and abetting claim, (4) an assertion that Patricia Bradley's individual claims do not fail as a matter of law, and (5) an argument that Defendants' 12(b)(6) motion is premature because many of the arguments are not based solely on the pleadings. (ECF DKT #21 at 1).  Reasons (2),(3), and (4) will be addressed during the Court's analysis of each of Plaintiffs claims.  Reasons (1) and (5) are global in nature and will be addressed presently.

**A.  Plaintiff has requested Leave to Amend the Complaint**

The Court has granted Plaintiffs Motion for Leave to File Amended Complaint Instanter, and will consider the Defendants' 12(b)(6) Motion as applied to the Amended Complaint.

**B.  Defendants' Motion is premature as many of the arguments are not based solely on the Pleadings.**

It is unclear to the Court what Plaintiffs mean by arguing that a 12(b)(6) motion is premature as Defendants' arguments are not based solely on the pleadings.  The very purpose of a 12(b)(6) motion is to test the sufficiency of the pleadings.  Plaintiffs acknowledge this premise in their Reply: "When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint." (ECF DKT #21 at 3). Plaintiffs further cite to the current *Twombley/Iqbal* standard for evaluating a Complaint, offering, "A Complaint survives a Motion to Dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.*

(citing *Ashcroft* v. *Iqbal,* 129 S. Ct. 1937, 1949 (2009)). Given that Plaintiffs have amended their Complaint, and a 12(b)(6) analysis concerns itself solely with testing the sufficiency of a pleading, the Court finds that assessing the Complaint is not premature at this time.

**C. Sufficiency of Plaintiffs' Claims**

Defendants ask the Court to examine the sufficiency of Plaintiffs' claims for Willful, Wanton, and Reckless Conduct (Claim I), and Negligent Infliction of Emotional Distress (Claim III), as well as the derivative claims of State and Federal Civil Conspiracy (Claim VIII) and State and Federal Aiding and Abetting (Claim IX). Additionally, Defendants request the Court examine all of Patricia Bradley's claims in her individual capacity. (ECF DKT #15 at 5).

From the Court's reading of the Complaint, the bases for Plaintiff's non-derivative claims are:

> 1. "Had [Defendant Slatkovsky] not acted recklessly, wantonly and willfully by releasing Davis back into the community or seeing that Davis was on federal probation, Plaintiffs decedent would not likely have been murdered. (Am. Compl. 3, ¶7.), and
> 2. "Defendant[ s Prince and Muniz's] investigation consisted of driving their cruiser in excess of 50mph past Angel's almost lifeless body. Instead of stopping and calling for emergency medical services, they identified Angel as a dead deer."
> (Am. Compl. 3-4, ¶9.)

No other facts alleged in the Complaint are relevant to support Plaintiffs' primary claims. With this background, the Court now analyzes each of the disputed claims.

**1. Willful, Wanton, and Reckless Conduct (Claim I)**

Plaintiffs' Willful, Wanton, and Reckless Conduct claim suffers from a fatal infirmity. Defendants correctly observe in their 12(b)(6) Motion that willful, wanton, and reckless

conduct "is not a distinct cause of action, but an element of various other causes of action," (citing *Griggy* v. *Cuyahoga Falls,* Summit App. No. 22743, 2006-Ohio-252, ¶8).  *Griggy* directly addressed whether liability could stem merely from willful, wanton and reckless conduct.  In its analysis, the court found "[w]illful, wanton, and reckless conduct is technically not a separate cause of action, but a level of intent which negates certain defenses which might be available in an ordinary negligence action." *Griggy* at ¶8 (citing *Cincinnati Ins. Co.* v. *Oancea,* 6th Dist. No. L-04-1050, 2004-Ohio-4272, at ¶17, citing Prosser & Keeton on Torts, (5 Ed.1984), 212-214). The court in *Griggy* went on to observe that willful, wanton and reckless conduct may create an exception to immunity, a defense likely to be raised in this case, but as yet unaddressed by either party.  As willful, wanton, and reckless conduct does not stand as ground for relief in Ohio, it must be dismissed.

**2.  Negligent Infliction of Emotional Distress (Claim III)**

Plaintiffs allege that they have suffered emotional distress due to Defendants' failure to take Davis into custody prior to the murder of Angel, and misidentifying Angel as a dead deer. Plaintiffs further allege that "Plaintiffs have both witnessed and been subjected to physical peril."  (Am. Compl. 6, ¶¶26-7).  While the Court has no trouble accepting Plaintiffs' allegation of emotional distress as true, the assertion that they have witnessed and been subjected to physical peril is a legal conclusion and does not merit deference.

Under Ohio law, "recovery for negligent infliction of emotional distress [is limited] to such instances as where one was a bystander to an accident or was in fear of physical consequences to his own person." *High* v. *Howard,* 64 Ohio St.3d 82, 85-86 (1992) (citing *Paugh* v. *Hanks,* 6 Ohio St.3d 72 (1983), reversed on other grounds in *Gallimore* v.

*Children's Hosp. Med. Ctr.,* 67 Ohio St.3d 244 (1993)).  Plaintiffs' Complaint fails to allege any facts that indicate in any way how Angel's next of kin were bystanders to an accident or in fear of physical consequences to their own person.  In their Brief in Opposition, Plaintiffs weakly offer, "Angel's heirs, including Patricia Bradley, have each witnessed the relentless media barrage of the statements made by the officers and have been put in peril by the tragic loss of Angel."  (ECF DKT #21 at 4).  Being witness to a media barrage is not alleged in the Complaint, nor would it be sufficient to establish bystander status had it been.  Furthermore, any physical peril Angel's heirs might have been put in is a result of Angel's tragic passing, not Defendant's actions.  For the foregoing reasons, the Court finds that Plaintiffs, specifically Patricia Bradley in her individual capacity and Angel's heirs, have failed to sufficiently allege facts that state a valid claim for Negligent Infliction of Emotional Distress.

**3.  Civil Conspiracy (Claim VIII)**

Defendants challenge the sufficiency of Plaintiffs' state and federal conspiracy claims on the grounds that Plaintiffs will not be able to overcome the applicability of the intracorporate conspiracy doctrine.  (ECF DKT #15 at 3-4).  Plaintiffs counter that it is an open question in this Circuit as to whether the doctrine is applicable to political subdivisions, and that Defendants are named in both their individual and official capacities.  (ECF DKT #21 at 4-5).  The Court finds neither of Plaintiffs' arguments compelling.

The same two arguments were advanced by the Plaintiff in *McCumons v. Marougi,* No. 08-11164-BC, 2011 WL 308960 (January 27, 2011 E.D. Mich.) and rejected:

> In response, Plaintiff first emphasizes that the Sixth Circuit has never applied the intracorporate conspiracy doctrine to protect individual police officers from liability under § 1985(3).  Yet Plaintiff does not identify any reason why the intracorporate conspiracy doctrine should not apply to police

>officers. Plaintiff does not identify any distinguishing characteristics of police departments or police officers that would suggest, as a matter of policy, that the intracorporate conspiracy doctrine should not apply to them. Nor, for that matter, does he cite a single case from any jurisdiction where a Court has declined to apply the intracorporate conspiracy doctrine to police officers. Moreover, the policy rationale behind the doctrine-agents acting on behalf of a principal and within the scope of their duties to that principal are not, as a matter of fact, participants in a conspiracy-applies equally to police officers as to school officials. Police officers who are working in concert to enforce a city policy are not conspiring.
>
>Plaintiff next contends that his § 1985 conspiracy claim should not be dismissed under the intracorporate conspiracy doctrine because the question of whether or not the individual Defendants were acting within the scope of their employment is a question of fact. But as the Defendants emphasize in their reply, Plaintiff still must plead a plausible claim for relief or the claim should be dismissed. Here, Plaintiff does not plead any facts that would suggest that the officers were acting outside the scope of their employment. Rather, he alleges they were acting to further a city policy. Accordingly, Plaintiffs § 1985 claim will be dismissed.

*Id.* at *4 (internal citations omitted).

The same argumentative weakness identified by the court in *McCumons* is found in the current matter. Plaintiffs' Brief in Opposition merely identifies that there is an open question whether the intracorporate conspiracy doctrine applies to police departments, but does not advance any reason why it should not be extended to law enforcement. Furthermore, Plaintiffs assert that Defendants are being sued "in their individual and official capacities" (Am. Compl. ¶3), but a review of the Complaint reveals only actions taken by Defendants within their scope of employment. Tellingly, Plaintiffs' Complaint alleges Defendants "conspired to perform an inadequate investigation of the report of a body on the roadway and by providing false and misleading information in response to said report and by otherwise conspiring to violate Angel's state and federal rights." (Am. Compl. ¶47). Plaintiffs'

allegation speaks to the adequacy of the investigation by Defendants, an investigation that can only occur within the scope of their duties as police officers. At no point does the Complaint allege that the officers were acting outside the scope of their employment, other than by intimation from Plaintiffs' statement that Defendants are being sued in their individual and official capacities. Therefore, like the court in *McCumons,* this Court finds that Plaintiffs' Civil Conspiracy claim fails.

**4. Aiding and Abetting (Claim IX)**

Defendants argue that Plaintiffs' Aiding and Abetting claim must fail because the Complaint fails to establish any elements of either a state or federal cause of action. (ECF DKT #23 at 5). As recently as August 2011, courts have recognized a lack of clarity whether Ohio recognizes a cause of action for civil Aiding and Abetting. *See In re Antioch Co.* v. *Morgan,* No. 3:10-cv-156, 2011 WL 3664564 (S.D. Ohio August 12, 2011). Despite this lack of clarity, the Sixth Circuit has analyzed the sufficiency of Ohio civil conspiracy claims by testing whether the facts alleged meet the following elements: "( 1) knowledge that the primary party's conduct is a breach of duty and (2) substantial assistance or encouragement to the primary party in carrying out the tortious act." *Pavlovich* v. *Nat'l City Bank,* 435 F.3d 560, 570 (6th Cir. 2005) (internal quotations omitted). The first element requires a party have "actual knowledge," or at least "general awareness" of the primary party's wrongdoing. *Id.*

Defendants contend Plaintiffs' Complaint situates both Defendants Prince and Muniz as primary actors, thereby nullifying their capacity to be liable as secondary actors. However, this argument is not borne out by the pleading. The Complaint alleges "Defendants Prince and Muniz . . . aided and abetted the other . . . to violate 42 U.S.C. § 1983, and among others,

Dereliction of Duty under the Ohio Revised Code." (Am. Compl. ¶53.) Clearly, Plaintiffs argue two alternatives–Prince as the primary actor with Muniz as the secondary actor, or vice versa.

Plaintiffs' dereliction of duty allegation has no merit in supporting an Aiding and Abetting claim. Dereliction of duty, per Ohio Revised Code § 2921.44, is a criminal offense, not a tort, and thus cannot be the underlying tort supporting a civil Aiding and Abetting claim. Defendants contend that 42 U.S.C. § 1983 is not a statute that is violated, but rather a civil remedy for other actions. (ECF DKT #23 at 5). While correct, the Court construes Plaintiffs' allegation to mean that Defendants aided and abetted each other in violating Angel's constitutional rights, for which recovery is made permissible by 42 U.S.C. § 1983.

Having addressed Defendants' objections, the Court now turns to the sufficiency of Plaintiffs' Aiding and Abetting claim. Plaintiffs allege that Defendants Prince and Muniz conspired, with one serving as the primary actor and the other in a secondary role, to violate Angel's constitutional rights by inadequately investigating a report of a body by the side of the road and providing false information in response to the report. (Am. Compl. ¶¶47-49.) The claim, viewed in its totality, alleges that either Prince or Muniz assisted the other in violating Angel's constitutional rights–a known breach of duty by police officers and a tortious act for which recovery is permissible. The Court finds this sufficient to satisfy the elements of an Aiding and Abetting claim.

**5. Patricia Bradley's claims in an individual capacity**

Defendants argue that the Complaint "does not establish any cause of action that is personal to [Patricia Bradley], rather than as Executor on behalf of Angel." (ECF DKT #23 at

-11-

5-6). As discussed above, Plaintiffs' claims for Willful, Wanton, and Reckless Conduct and Negligent Infliction of Emotional Distress have already been found wanting. Plaintiff's Wrongful Death action may only be brought in the name of the personal representative of the decedent. *See* Ohio Rev. Code § 2125.02(A)(1). Each of the civil rights claims are plead in reference to violating Angel's rights. (Am. Complaint ¶¶34-45). The only potential surviving claim Patricia Bradley may have in her individual capacity is Intentional Infliction of Emotional Distress, and a resultant derivative claim of Aiding and Abetting. Thus, the Court must turn to analyzing Patricia's individual Intentional Infliction of Emotional Distress claim.

Defendants object to Plaintiffs' "conclusory allegations that she has properly pled [intentional infliction of emotional distress]" on behalf of Patricia. (ECF DKT #23 at 4). Defendants' objection follows *Iqbal's* observation that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Iqbal* at 1949. Plaintiffs' Amended Complaint offers no specific facts to support Patricia's claim of intentional infliction of emotional distress. It fails to specify which acts Defendants knew or should have known would result in emotional distress. In short, it fails to allege *any* facts. Plaintiffs' intentional infliction of emotional distress claim merely recites the elements of a cause of action, and as such, fails to meet the pleading standard established by *Twombley/Iqbal*. For this reason, the Court finds that Plaintiffs have failed to sufficiently allege facts to support Patricia Bradley's Intentional Infliction of Emotional Distress claim in her individual capacity. Any derivative claims brought by Patricia must also fail.

In her individual capacity, Patricia Bradley alleges causes of action for Willful,

Wanton, and Reckless Conduct; Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress; and derivative claims of Civil Conspiracy and Aiding and Abetting.  The Court finds each of Patricia's source claims suffers from fatal flaws that preclude them from surviving Defendants' challenge: Willful, Wanton, and Reckless Conduct is not a valid cause of action in Ohio; Patricia Bradley has not alleged facts sufficient to establish her as a bystander or subject to physical peril necessary to support a Negligent Infliction of Emotional Distress claim; she has not plead sufficient facts to support an Intentional Infliction of Emotional Distress Claim; and her remaining claims are derived from the flawed claims above.  Thus, the Court GRANTS Defendants' 12(b)(6) Motion as to Patricia Bradley's claims in her individual capacity.

## V.  CONCLUSION

As set forth above, Plaintiffs' Willful, Wanton and Reckless Conduct claim is dismissed for failure to state a claim, and Plaintiffs' Civil Conspiracy claim is barred by the intracorporate conspiracy doctrine.  Additionally, Patricia Bradley's claims in her personal capacity is dismissed for failure to state a claim as well.  Plaintiffs' Aiding and Abetting claim survives as a derivative claim to Angel's Intentional and Negligent Infliction of Emotional Distress, Wrongful Death, and constitutional claims.

**IT IS SO ORDERED.**

**DATE:  _March 7, 2012_____**

   **S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**