IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| PATRICIA BRADLEY, Ind. and as Admin. of the Estate of Angel Bradley-Crocket, | CASE NO. 1:11-CV-00781 |
| Plaintiff, | JUDGE CHRISTOPHER BOYKO |
| vs. | **MEMORANDUM IN SUPPORT OF JOINT MOTION FOR SUMMARY JUDGMENT OF ALL DEFENDANTS** |
| CITY OF CLEVELAND, <u>et al</u>., | |
| Defendants. | |

## INTRODUCTION

This suit was filed on April 4, 2011 and removed to this Court on April 21, 2011. *See* Docket. Plaintiff Patricia Bradley ("Patricia") sued individually and as Executor of the Estate of Angel Bradley Crocket ("Angel").[1] The following claims in the Amended Complaint remain:[2] the estate's claims for intentional and negligent infliction of emotional distress against all remaining Defendants (Counts II and III); wrongful death against all remaining Defendants (Count IV); a §1983 claim for failure to investigate against Defendants Muniz and Prince (Count V); a §1983 claim for failure to train against the City of Cleveland (Count VI); a §1983 deliberate indifference claim against all Defendants (Count VII); and a state and federal claim for aiding and abetting against

---

[1] ECF 20-1.
[2] Plaintiff's Amended Complaint against Defendant Matthew Slatkovsky has been dismissed with prejudice. ECF 42. The Court previously dismissed all of Patricia Bradley's claims in her person capacity, as well as the claims for wilfull, wanton, and reckless conduct (Count I), and civil conspiracy (Count VII). ECF 31.

1

Defendants Muniz and Prince (Count IX).[3]

In March of 2012, the Court granted the Joint Motion to Bifurcate Discovery and Dispositive Motion, to allow the parties to proceed only on the issue of whether Angel was deceased at the time the Individual Defendants investigated the report of a body on the side of the road. As this Court stated in granting the Motion, such a finding may be determinative of the claims against the Defendants Prince and Muniz and the derivative claims against the City and Chief Michael McGrath.[4] Ultimately, it has been established that the decedent was, in fact, already deceased at the time that her body was placed on the side of the road.[5]

## FACTUAL BACKGROUND

Angel Bradley-Crockett was allegedly murdered by Stephon Davis and Latesha Santos on or about April 5, 2010.[6] The Amended Complaint alleges that Angel was "left for dead" along the side of the highway.[7]

After 911 calls were received by the City, Defendants Muniz and Prince (the "Individual Defendants") were dispatched to respond to a man in the road.[8] They investigated, reported that there was a deer carcass on the berm, and resumed their duties.[9] Ultimately it was established that Angel was lying on the side of the road.[10]

---

[3] ECF 31, p. 13.
[4] ECF 30, p. 4-6.
[5] *See e.g.* ECF 47.
[6] ECF 20-1, ¶6.
[7] *Id.*
[8] *Id.* at ¶9.
[9] *Id.*
[10] *Id.* at ¶10.

Plaintiff alleges that the Defendants are liable to her because of the Individual Defendants' conduct in driving past her decedent on the side of the highway. Plaintiff paints a dramatic picture of the Individual Defendants' conduct. While the Defendants adamantly dispute these allegations, they are irrelevant to the liability in this case as discussed in this Motion.

## LAW AND ARGUMENT

I.  **STANDARD OF REVIEW**

In *Celotex Corp. v. Catrett*, the United States Supreme Court held that Rule 56(c) of the Federal Rules of Civil Procedure requires that summary judgment be granted when the non-moving party fails to establish the existence of an essential element to his or her case on which he or she will bear the burden of proof at trial.[11] The Court stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial. In such a situation there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is entitled to judgment as a matter of law because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.[12]

The moving party must demonstrate that "that there is an absence of evidence to support the nonmoving party's case."[13] If a motion is properly made and supported,

---

[11] 106 S.Ct. 2548 (1986).
[12] *Id.* at 2552-53.
[13] *E.E.O.C. v. Prevo's Family Market, Inc.*, 135 F. 3d 1089, 1093 (6th Cir. 1998)(citing *Celotex*, 477 U.S. at 325).

3

the nonmoving party must set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e).

## II. PLAINTIFF'S STATE LAW CLAIMS AGAINST THE DEFENDANTS FAIL AS A MATTER OF LAW FOR LACK OF CAUSATION AND DAMAGES. (Counts II, III, IV, & IX)

While the Defendants dispute any underlying tortious conduct and are entitled to all of the defenses and immunities contained in the Political Subdivision Tort Liability Act (the "PSTLA"), all of the estate's state law claims against them fail for lack of any damages. This includes the claims for intentional and negligent infliction of emotional distress (Counts II and III); wrongful death (Count IV); and for a state claim for aiding and abetting (Count IX).[14]

Here, the undisputed evidence is that Angel was deceased when her body was disposed of on the side of the road.[15] Counsel has conceded as much to the Court.[16] Consequently, Angel was deceased at the time that Defendants Muniz and Prince drove past her body on the highway. If she was already deceased, there is no causation and no cause of action.

### A. Wrongful death (Count IV)

The Defendants did not cause Angel's death. There is no cause of action authorizing "a personal representative with authority to act on behalf of next of kin for acts or omissions (such as an inadequate investigation into a decedent's status) that

---

[14] ECF 20-1.
[15] *See* Affidavit of Frank Miller, M.D., attached hereto as Ex. A; Affidavit of Krista Pekarski, M.D., attached hereto as Ex. B.
[16] ECF 40.

4

occurred after the decedent's death (a death not caused by the defendant at issue)."[17]

To establish a wrongful death action, a plaintiff must prove "a duty owed to the decedent, a breach of that duty, and proximate causation between the breach of duty and the death."[18] Here, no action of any Defendant caused Angel's death.

### B. Intentional and Negligent Infliction of Emotional Distress (Counts II & III)

Nor can the deceased experience emotional distress, whether intentionally or negligently caused. Plaintiff cannot establish a claim for Angel's emotional distress. To make a claim for either negligent or intentional infliction of emotional distress, the estate must prove, along with the other elements "the actor's actions were the proximate cause of the plaintiff's psychic injury. . ."[19] While the Defendants do not dispute that Angel likely suffered extreme emotional distress, it occurred at the time leading up to her murder. As this occurred before the Defendants were even notified of a potential body on the highway, they did not cause her emotional distress. Neither cause of action applies to any conduct after Angel's death.

### C. Aiding and Abetting (Count IX)

Finally, any alleged aiding and abetting, though disputed, did not cause any injury as Angel was already dead. While it is unclear if the Ohio Supreme Court would adopt such a cause of action in the first place, the courts who have considered it have

---

[17] *Fediaczko v. Mahoning Cty. Children Servs.*, 7 Dist. No. 11 MA 186, 2012-Ohio-6090, ¶10, 2012 WL 6679848.
[18] *Jackson v. Huppert*, 2012 WL 2459187 (Ohio App. 8 Dist. No. 97764, 2012-Ohio-2934, ¶16, 2012 WL 2459187 (citations omitted).
[19] *Watson v. Ford Motor Co.*, 6th Dist. No. E-06-074, 2007-Ohio-6374, ¶79, 2007 WL 4216975 (citations omitted).

generally adopted the Restatement of Torts elements of the cause of action which require a showing that "(1) knowledge that the primary party's conduct is a breach of duty and (2) substantial assistance or encouragement to the primary party in carrying out the tortious act."[20] Here no action of either officer encouraged any tort as any such tortious act had already occurred to finality before the City received the 911 call.

As the decedent was already deceased before there was any action by the Defendants as it relates to Angel, the state law claims fail for lack of any causation without even considering the other elements of any tort claim or whether the Defendants are entitled to statutory or qualified immunity.

**III.    THE PSTLA BARS THE COMMON LAW CLAIMS AGAINST THE CITY AND CHIEF MCGRATH.  (Counts II, III, IV, & IX)**

The Ohio Legislature enacted R.C. 2744 (the Political Subdivision Tort Liability Act) in order to provide, with certain exceptions, immunity to political subdivisions for acts performed by the subdivisions or their employees.  R.C. 2744.02(A)(1) specifically provides:

> *For purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions.  Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.   (Emphasis added.)*

A "governmental function" is a "function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision … pursuant to

---

[20] *Pavlovich* v. *Nat'l City Bank,* 435 F.3d 560, 570 (6th Cir. 2005) (internal quotations omitted).

legislative requirement."[21] By definition, "governmental function" specifically includes *"the provision or non-provision of police…services or protection;."*[22] Thus, it is firmly established Ohio law that the operation of a police department is a "governmental function" subject to R.C. 2744 immunity.[23]

The determination of whether the City is entitled to the affirmative defense of immunity under the PSTLA involves a three-tiered analysis.[24] First, R.C. 2744.02(A) sets forth the general rule that political subdivisions are immune from liability for its acts or omissions in connection with a governmental function.[25] Second, the court needs to determine whether any of the five exceptions to immunity enumerated in R.C. 2744.02(B) apply.[26] Third, if one of the R.C. 2744.02(B) exceptions to immunity does apply, a court will need to determine if any of the additional defenses available to the political subdivision pursuant to R.C. 2744.03 restores the political subdivision's immunity.[27] Only if an exception to immunity is found under R.C. 2744.02 is there a

---

[21] R.C. 2744.01 (C)(1)(a).
[22] R.C. 2744.01 (C)(2)(a) (emphasis added).
[23] *See, e.g. Maddox v. City of East Cleveland*, 2012-Ohio-9, (8th App. Dist., 2012) ("The operation of a police department is a governmental function, see R.C. 2744.01(C)(2)(a), so the city is presumptively immune from suit."); *Griffits v. Newburgh Hts.*, 2009-Ohio-493 (8th App. Dist., 2009); (court reversed denial of motion for judgment on the pleadings holding village immune from arrestees' intentional tort claims); *Hall-Pearson v. City of South Euclid* (8th App. Dist., No. 73429, at *4; 1998) (City immune from alleged failure to train police); *McCloud v. Nimmer*, 72 Ohio App. 3d 533 (8th App. Dist., 1991); (City not liable for alleged failure to properly train officer).
[24] *Colbert v. Cleveland* (2003), 99 Ohio St.3d 215; *Cater v. City of Cleveland* (1998), 83 Ohio St.3d 24.
[25] *Id.*
[26] *Id.*
[27] *Id.*

need to consider any of the defenses contained in R.C. 2744.03.[28]

The five statutory exceptions to the immunity afforded political subdivisions are set forth in R. C. 2744.02(B)(1)-(5):

(1) the negligent operation of any motor vehicle by a government employee engaged with in the scope of his employment and authority;

(2) the negligent act of a government employee with respect proprietary functions of the political subdivisions;

(3) the negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads;

(4) negligence by a government employee that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function; and

(5) liability that is expressly imposed upon the political subdivision by a section of the Revised Code.

Clearly, none of the above five exceptions imposes liability on the City for the claims contained the Amended Complaint, all of which involve the City's provision of police services.[29] Under the R.C. 2744 statutory framework, the City's provision of "police services" is a "governmental function" for which immunity from liability is afforded.[30] There exists no applicable exception to this immunity under R.C. 2744.02(B)(1)-(5). Therefore, the City is entitled to judgment as a matter of law as to all of Plaintiff's state law claims.

Cleveland Police Chief Michael McGrath was also named as a Defendant in the

---

[28] *See e.g. Young v. Genie Ind. U.S.,* 2008-Ohio-929 (8th Dist., 2008).
[29] R.C. 2744.01 (C)(2)(a).
[30] R.C. 2744.02(A)(1); R.C. 2744.01(C)(1)(a); R.C. 2744.01(C)(2)(a).

Amended Complaint, which contains no specific factual allegation against Chief McGrath and expressly states that the Chief has been sued only in his official capacity. As such, any claims against Chief McGrath are considered claims against the City.[31] Any common law claim against him, in his official capacity are subject to the defenses in R.C. 2744.02 and fail for the same reason as the common law claims against the City.[32]

IV. **THE PSTLA BARS THE COMMON LAW CLAIMS AGAINST DEFENDANTS MUNIZ AND PRINCE. (Counts II, III, IV, & IX)**

Pursuant to R.C. 2744, an employee of political subdivision is provided immunity for his actions under most circumstances. The legislature has carved out certain exclusions to this shield of immunity.[33] Plaintiff has alleged that the actions of Defendants Muniz and Prince were "malicious, in bad faith, and want and/or reckless within the meaning of O.R.C. 2744.03(A)(6)(B)."[34] The Individual Defendants dispute this allegation and state that there is no evidence to support them.

However, the Court graciously granted the defense Joint Motion to Bifurcate, limiting discovery and motion practice to the time of death of the decedent.[35] Therefore, any factual argument regarding immunity to which the Individual Defendants are entitled will not be addressed at this time.

V. **PLAINTIFF'S §1983 CLAIMS AGAINST DEFENDANTS MUNIZ AND PRINCE FAIL AS A MATTER OF LAW FOR LACK OF A CONSTITUTIONAL VIOLATION. (Counts V, VII, & IX)**

---

[31] *See, e.g.*, *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003); *Claybrook v. Birchwell*, 199 F.3d 350, 355 n. 4 (6th Cir. 2000).
[32] *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, para. 2, syllabus by the Court.
[33] R.C. 2744.03(A)(6).
[34] ECF 20-1, ¶23.
[35] ECF 30.[35]

9

Plaintiff has also brought §1983 claims against the Individual Defendants alleging failure to investigate and deliberate indifference.[36] The doctrine of qualified immunity recognizes that law enforcement officials need to perform their duties without fear of litigation and be able to reasonably anticipate if their actions will give rise to liability for damages.[37] Qualified immunity "is the presumptive norm."[38]

The Supreme Court has instructed the federal courts to use a two-part test to assess qualified immunity.[39] The "initial inquiry" is whether the law enforcement officer's conduct violated a constitutional right.[40] If no constitutional right was violated, then "there is no necessity for further inquiries concerning qualified immunity."[41] But "if a violation could be made out on a favorable view of the parties' submissions," then "the next, sequential step is to ask whether the right was clearly established."[42]

As already discussed, the undisputed evidence is that Plaintiff's decedent was deceased when her body was disposed of on the side of the road.[43] The deceased do not have any constitutional rights.[44] Without a constitutional violation, the constitutional

---

[36] ECF 20-1.
[37] *Williams v. Com. of Ky.*, 24 F.3d 1526, 1541 (6th Cir. 1994), cert. denied, 513 U.S. 947 (1994); *Garvie v. Jackson*, 845 F.2d 647, 649 (6th Cir. 1988).
[38] *Elder v. Halloway*, 975 F.2d 1388, 1393 (9th Cir. 1991), rev'd on other grounds, 510 U.S. 510 (1994).
[39] *Saucier v. Katz*, 533 U.S. 194, 201 (2001).
[40] *Id*.
[41] *Id*.
[42] *Id*.
[43] *See* Ex. A; Ex. B; ECF 40.
[44] *Guyton v. Phillips*, 606 F.2d 248 (9th Cir. 1979).

claims against the Individual Defendants (Counts V and VII) fail as a matter of law.[45] Nor is there a constitutional claim for deliberate indifference to a medical condition when the victim is not in custody and her injuries were not caused by state action.[46]

The federal aiding and abetting claim (Count IX) then fails as it requires that a plaintiff establish a statute under which Defendants Muniz and Prince would be liable for such a claim.[47] Here, presumably the Plaintiff was seeking to establish an aiding and abetting claim based on an alleged constitutional violation and §1983. However, without the underlying constitutional violation or §1983 liability, there is no federal aiding and abetting claim.

### VI. PLAINTIFF'S §1983 CLAIMS AGAINST THE CITY OF CLEVELAND AND CHIEF MCGRATH FAIL AS A MATTER OF LAW FOR LACK OF A CONSTITUTIONAL VIOLATION. (Counts V, VI, & VII)

The Amended Complaint attempts to hold the City liable for a §1983 failure to train cause of action (Count VI) as well as to hold it liable for the failure to investigate and deliberate indifference claims against the Individual Officers (Counts V & VII).[48] Presumably, this claim is also directed against Chief McGrath, who was sued in his official capacity, but never again mentioned in the Amended Complaint.[49] The §1983 claims against Chief McGrath and the City fail due to the failure of the §1983 claims

---

[45] Count VI for a §1983 failure to train claim is directed solely against the City and Chief McGrath.
[46] *See e.g. Willis v. Charter Twp. of Emmett*, 360 Fed.Appx. 596, 599-601, 2010 WL 21873 (C.A.6 (Mich.))(citations omitted).
[47] *See e.g., Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300. (11th Cir. 2010).
[48] ECF 20-1.
[49] As previously discussed, any claims against Chief McGrath are considered claims against the City. *See, e.g., Shamaeizadeh*, 338 F.3d at 556; *Claybrook*, 199 F.3d. at n.4.

against Defendants Muniz and Prince.

In the absence of an underlying constitutional violation, a plaintiff cannot state a supervisory liability or failure to train claim against the City or the Chief.[50] As there is no constitutional violation by Defendants Muniz or Prince, there can be no §1983 liability on the part of the City or Chief McGrath.

Plaintiff's Amended Complaint against Defendant Matthew Slatkovsky has been dismissed with prejudice.[51] Likewise, since Plaintiff has established no constitutional violation by Officer Slatkovsky, Plaintiff's §1983 claims against the City and Chief McGrath which purport to arise from conduct of Officer Slatkovsky accordingly and necessarily fail.[52]

## CONCLUSION

As it is undisputed that the Plaintiff's decedent was deceased at the time that her body was placed on the side of the highway, her claims against all of the remaining Defendants fail as a matter of law. The state and federal claims must fail as the Defendants did not cause any damages to the decedent. Nor can a §1983 claim survive as the deceased have no constitutional rights.

As there are no genuine issues of material fact, the Joint Motion for Summary

---

[50] *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."); *Jones v. City of Cincinnati*, 521 F.3d 555, 560 (6th Cir. 2008) ("A municipality cannot be held liable under § 1983 absent an underlying constitutional violation by its officers.").
[51] ECF 42.
[52] *See also* Motion for Summary Judgment of Matthew Slatkovsky, ECF 38.

Judgment of All Defendants should be granted and all remaining claims against Matthew Prince, David Muniz, Chief Michael McGrath, and the City of Cleveland should be dismissed with prejudice.

    Respectfully submitted,

    BARBARA A. LANGHENRY (#0038838)
    Director of Law, City of Cleveland

By: */s/ Shawn M. Mallamad / per consent*
    Shawn M. Mallamad (#0011398)
    Assistant Director of Law
    City of Cleveland, Department of Law
    601 Lakeside Avenue, Room 106
    Cleveland, Ohio 44114-1077
    Tel: (216) 664-2800  Fax: (216) 664-2663
    smallamad@city.cleveland.oh.us
    Attorney for the City of Cleveland and Chief McGrath

    /s/ Kathryn M. Miley
    Ernest L. Wilkerson, Jr. (#0036972)
    Kathryn M. Miley (#0067084)
    Wilkerson & Associates Co., LPA
    1422 Euclid Ave, Suite 248
    Cleveland, OH 44115
    (216) 696-0808
    (216) 696-4970 facsimile
    ewilkerson@wilkersonlpa.com
    kmmiley@wilkersonlpa.com
    Attorneys for Defendants Muniz and Prince

**CERTIFICATE OF TRACK ASSIGNMENT AND COMPLIANCE
WITH PAGE LIMITATION**

The Undersigned certifies that this case is currently on the standard track. The undersigned certifies also that the above Memorandum complies with the page limitations set forth in Local Rule 7.1(f).

        Respectfully submitted,

        /s/ Kathryn M. Miley
        Ernest L. Wilkerson, Jr.
        Kathryn M. Miley

City/Bradley/msj memo