UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| PATRICIA BRADLEY, etc., | ) | CASE NO. 1:11CV781 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| CITY OF CLEVELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

Judges and juries take oaths not to base decisions on sympathy, passion or prejudice. Also, the law does not provide a remedy for every wrong. With these two legal tenets in mind, the Court must regretfully grant summary judgment to Defendants on all of Plaintiff's claims surrounding the senseless, tragic death of Angel Bradley-Crockett and the abuse of her corpse.

**I. BACKGROUND**

Patricia Bradley ("Plaintiff") is the mother of decedent, Angel Bradley-Crocket ("Angel"), as well as the administratrix of Angel's estate. Angel was brutally beaten, raped,

and murdered in the early morning of April 5, 2010 before her body was left on the side of Interstate 90 in Cleveland, Ohio. Two individuals, Stephon Davis and Latesha Santos, have been convicted in relation to Angel's murder. The morning of Angel's murder, the City of Cleveland ("City") received a 911 call to report a body on the side of Interstate 90. Officers Matthew Prince and David Muniz ("Defendant Officers") were dispatched to investigate the call, but subsequently reported that the body was a deer carcass. Two hours later, after further 911 calls, police finally discovered it was not a deer carcass, but in fact the body of Angel. It was later discovered that Defendant Officers had, for the first four months of 2010, spent hours parked at either a cemetery or at a strip club. Although police vehicles were equipped with locators, the City had not been reviewing the information from the locator. In March 2012, the Court granted a Joint Motion to Bifurcate Discovery and Dispositive Motion (ECF DKT #24), limiting the parties to proceed only on the issue of whether Angel was deceased at the time she was left on the road. Since then, Krista Pekarski, M.D., the forensic pathologist who performed the autopsy on Angel, determined that Angel was "deceased at the time that her body was disposed of." (Pekarski Aff. at ¶ 9). Dr. Pekarski's autopsy was reviewed by Frank Miller, a coroner for Cuyahoga County, who agrees with Dr. Pekarski's findings and further believes that at the time Angel's body was first spotted, there was no hope for resuscitation. (Miller Aff. at ¶ 9-10).

All claims made against Officer Matthew Slatkovsky in the First Amended Complaint were dismissed. (ECF DKT #42). The following claims were also dismissed: willful, wanton, and reckless conduct; civil conspiracy; and all claims in Plaintiff's personal capacity. (ECF DKT #31). The remaining claims, all on behalf of decedent's estate, are: (1) intentional

infliction of emotional distress against all Defendants; (2) negligent infliction of emotional distress against all Defendants; (3) wrongful death against all Defendants; (4) a civil rights claim for failure to investigate, in violation of 42 U.S.C. § 1983, against Defendant Officers; (5) a civil rights claim for failure to adequately hire, train, supervise, and discipline, in violation of 42 U.S.C. § 1983, against the City of Cleveland; (6) a civil rights claim for deliberate indifference as to decedent's medical needs, in violation of 42 U.S.C. § 1983, against all Defendants; and (7) aiding and abetting against Defendant Officers.[1] Defendant Officers, the City of Cleveland, and Chief Michael McGrath are the remaining Defendants in the present action. Defendants have filed a Joint Motion for Summary Judgment on all remaining claims. (ECF DKT #48). There have been no further amendments to the Complaint after the First Amended Complaint (ECF DKT #20-1).

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A non-moving party may not rest on their pleadings, and "must set forth specific facts showing that there is a genuine issue for trial." *Ciminillo v. Streicher*, 434 F. 3d 461, 464 (6th Cir. 2006). A nonmoving party need not bear their burden of showing genuine issues of material fact until after the moving party has met its initial burden of showing an absence of such facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

---

[1] See Plaintiff's First Amended Complaint, ECF DKT #20-1, for further detail on the remaining claims.

Irrelevant or unnecessary factual disputes do not create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248.  The focus of the inquiry is whether the party bearing the burden of proof has presented a jury question as to *each element* of its case. *Celotex*, 477 U.S. at 322 (emphasis added).  The non-moving party must designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324.  A non-moving party must show more than a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, the non-moving party must present significant probative evidence to support its complaint to defeat a motion for summary judgment.  *Anderson*, 477 U.S. at 252.  All reasonable inferences must be drawn in favor of the non-moving party.  *Matsushita*, 475 U.S. at 587.

## III. LAW AND ANALYSIS

There are seven remaining claims for Angel's estate, including two infliction of emotional distress claims, a wrongful death claim, three § 1983 claims, and an aiding and abetting claim.  As there have been no motions to further amend the Complaint, the Court will only consider those claims made in the First Amended Complaint (ECF DKT 20-1).[2]  Any new claims suggested in Plaintiff's Brief in Opposition (ECF DKT #50) will not be considered.[3]  With the now undisputed fact that Angel was deceased when she was placed on

---

[2]  In their Brief in Opposition (ECF DKT #50), Plaintiff appears to be making a new federal law claim related to the failure of the Cleveland Police Department to arrest Davis after Santos reported to them that he had beaten her.

[3]  If leave to amend is not sought, a Court may properly grant a motion based only on claims in the Complaint.  See *Tucker v. Middleburg Legacy Place, LLC*, 539 F.

the side of Interstate 90, (ECF DKT #40), the question is whether any of Plaintiff's claims can still survive a motion for summary judgment. For the following reasons, the Court concludes that those claims cannot survive, as there are no remaining genuine issues of material fact.

**A. Plaintiff's State Law Claims**

Since Angel was deceased by the time she was laid on the side of Interstate 90, any liability for wrongful death or emotional distress must arise from actions occurring before that time. Plaintiff asserts that the City's failure to arrest and hold Davis when he was stopped for a traffic violation in February 2010, despite having three outstanding warrants, makes them liable. Plaintiff believes that Defendant Officers are liable because they were parked at either a cemetery or strip club during the relevant time period. Neither of these facts make Defendants liable.

The Political Subdivision Tort Liability Act, O.R.C. 2744 ("PSTLA"), provides that political subdivisions and their employees are immune to civil suits with limited exceptions. It is undisputed that all of Defendants' relevant acts were "governmental functions," within the meaning of O.R.C. § 2744.01(C)(1), subject to immunity. Plaintiff asserts that the exception from O.R.C. 2744.02(B)(1), related to the negligent operation of any motor vehicle by a government employee, applies. As a matter of law, that argument fails. This exception applies only when a motor vehicle is being driven or otherwise caused to be moved. *Doe v. Marlington Local School Dist. Bd. of Edn.,* 2009-Ohio-1360, 122 Ohio St. 3d 12, 18, 907 N.E. 2d 706, 711 (2009). Here, Plaintiff asserts that the officers' negligence occurred while they were *parked* in either a cemetery or strip club parking lot. Thus, Plaintiff may not rely

---

3d 545 (6th Cir. 2008).

on that exception to defeat Defendants' immunity. Plaintiff further cites to O.R.C. 2744.03(A)(6)(b) in an attempt to defeat immunity by declaring Defendants' acts and omissions were with "malicious purpose, in bad faith, or in a wanton or reckless manner." Defendant Officers' behavior may amount to negligence, but there is no evidence it went beyond that. Conclusory statements cannot create a genuine issue of material fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Even if an exception did apply, Plaintiff has not met a prima facie case of any of the three state claims. Plaintiff has not shown that a duty was owed by any of the Defendants to Angel beyond a duty owed to the public at large, which is necessary to be civilly liable. See *Bush v. Ashland Cty*, 2010-Ohio-1732, ¶36, No. 09-CA-25, 2010 WL 1553569 (Ohio Ct. App. Apr. 19, 2010).

There is also no proximate cause linking Angel's death and Defendants' actions. "Negligent conduct is the proximate cause of an injury if the injury is the natural and probable consequence of the conduct, *i.e.*, if it is foreseeable." *State Farm Mut. Auto Ins. Co. v. VanHoessen*, 114 Ohio App. 3d 108, 111, 682 N.E. 2d 1048, 1049 (1996). While normally the issue of proximate cause is a question of fact for the jury, if there is no evidence to establish causation, there is no genuine issue of material fact and summary judgment is in order. *See* Fed. R. Civ. P. 56. Plaintiff has provided no evidence to suggest a causal link between Defendant Officers' actions and Angel's death. While Angel was being raped, beaten, and murdered, Santos was driving Angel and Davis down many different streets across a wide range of the City of Cleveland. No other officers were able to prevent Angel's death, and there is no indication that if Defendant Officers had been patrolling, they could

have prevented her death, either.

If Defendant Officers' actions were a proximate cause of Angel's death, then any officer taking a break from patrol could be liable for any crime that occurred during that break, and thus Defendant Officers are liable for every crime committed while they were parked at the cemetery or strip club.  Society does not benefit from subjecting officers to potential liability for every action, or omission, while on-duty.  *Bush*, 2010 WL 1553569 , ¶36.  At most, their conduct facilitated an unintended and unforeseeable harm that was directly produced by the intervening, intentional criminality of others.  That is insufficient to support liability.  *Id.*  With the protection of PSTLA, no Defendant is liable for Plaintiff's state law claims as a matter of law.  If, assuming, arguendo, there were no immunity, Plaintiff has still not produced evidence to satisfy the duty and proximate cause elements of a prima facie case of wrongful death, IIED, or NIED.

### B. Plaintiff's §1983 Claims

Plaintiff alleges that Defendant Officers violated Angel's civil rights by failing to investigate the report of a body on the side of a road and by displaying deliberate indifference towards Angel's serious medical needs.  Plaintiff further claims the City of Cleveland and Chief McGrath are liable for deliberate indifference, as well as for their failure to train and supervise Defendant Officers.

Plaintiff's first two civil rights claims, for failure to investigate and deliberate indifference, both fail for the same reason.  Decedent's civil rights terminated with her death.  See *Callihan v. Sudimack*, No. 96-3711, 1997 WL 397212, *2 (6th Cir. July 10, 1997); *Guyton v. Phillips*, 606 F. 2d 248, 250 (9th Cir. 1979).  The officers' failure to investigate is

an indefensible display of carelessness, incompetence, or both, but they did not violate Angel's civil rights, because their failure to investigate occurred after her death.  Further, Angel's "serious medical needs" terminated with her death, and thus, there could be no deliberate indifference towards her when the City was first informed there was a body on the side of Interstate 90.

The failure of the civil rights claims against Defendant Officers dooms the civil rights claim for failure to train/supervise against the City and Chief McGrath.  "A municipality cannot be held liable under § 1983 absent an underlying constitutional violation by its officers." *Jones v. City of Cincinnati*, 521 F. 3d 555, 560 (6th Cir. 2008) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1996)).  Without the requisite underlying constitutional violation by Defendant Officers, the City cannot be liable for any § 1983 claim.  Since Chief McGrath is being sued only in his official capacity, he, too, avoids liability for the same reason.  Thus, all of Plaintiff's civil rights claims fail.

### C. Plaintiff's Aiding and Abetting Claim

Since all of Plaintiff's state law and civil rights claims have failed, the aiding and abetting claim also fails as it is derivative of the other claims.

### IV. CONCLUSION

Plaintiff's state law claims fail due to the protection afforded by the PSTLA, as well as Plaintiff's failure to make a prima facie case.  Plaintiff's § 1983 claims fail due to the timing of decedent's death.  The aiding and abetting claim also fails as a derivative of the

other claims. For all these reasons, the Defendants' Joint Motion for Summary Judgment (ECF DKT #48) is GRANTED IN FULL.

**IT IS SO ORDERED.**

                                                      **s/ Christopher A. Boyko**
                                                      **CHRISTOPHER A. BOYKO**
                                                      **United States District Judge**

Dated: July 31, 2013